UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | * * * | |
| v. | * * | |
| OLAREWAJU JAMES OLADIPO, | * * | Criminal Action No. 22-cr-10062-ADB |
| Defendant. | * * * * * * * | |

# MEMORANDUM AND ORDER ON MOTION TO CORRECT JUDGMENT, OR IN THE ALTERNATIVE CLARIFICATION REGARDING SELF-SURRENDER

BURROUGHS, D.J.

Defendant Olarewaju James Oladipo ("Defendant") has moved for clarification concerning his self-report date of February 27, 2025. [ECF No. 201]. That self-report date remains operative.

There is at least the possibility that this conviction could be reversed on appeal based on a sufficiency of the evidence argument and that the Defendant could complete his period of incarceration prior to his appeal being resolved. Under these circumstances, the Court would have liked to allow Defendant release pending appeal. That said, the Government has opposed his sentence being stayed, and given the language of the statute, the Court cannot allow release pending appeal on the current record.

In relevant part, 18 U.S.C. § 3143 provides as follows:

> **(b) Release or detention pending appeal by the defendant.–(1)** Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and

>who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds–
>>**(A)** by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>>**(B)** that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in–
>>>**(i)** reversal,
>>>**(ii)** an order for a new trial,
>>>**(iii)** a sentence that does not include a term of imprisonment, or
>>>**(iv)** a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1)(A)-(B). Interpreting § 3143(b)(1)(B), the First Circuit has explained that "the provision breaks down into two distinct requirements":

>(1) that the appeal raise a substantial question of law or fact [the substantiality prong] and
>(2) that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed [the likelihood prong].

United States v. Bayko, 774 F.2d 516, 522 (1st Cir. 1985); United States v. Zimny, 857 F.3d 97, 100 (1st Cir. 2017) (alterations in original) (quoting Bayko, 774 F.2d at 522 (1st Cir. 1985)). A substantial question requires more than merely "a possibility of reversal," Bayko, 774 F.2d at 523, and instead requires the appellate issue to present a "'close' question or one that very well could be decided the other way." Zimny, 857 F.3d at 100 (quoting Bayko, 774 F.2d at 523). As to the likelihood prong, the statute directs the Court to "proceed[] on the assumption that the substantial question of law or fact 'is determined favorably to defendant on appeal'" and then to determine "whether a reversal or new trial is likely if the substantial question . . . [defendant] has raised . . . is determined favorably to [him]." Id. at 100-01 (citation omitted); Bayko, 774 F.2d at 523 (explaining that "the language in the statute which reads 'likely to result in reversal or an order for a new trial' is a requirement that the claimed error not be harmless or unprejudicial").

The Court readily finds by clear and convincing evidence that the Defendant "is not likely to flee or pose a danger to the safety of any other person or the community if released." § 3143(b)(1)(A).  The Court cannot, however, find that there is more than a "possibility of reversal" on appeal.  Having presided over the trial, the Court would not have thought it unreasonable for the jury to conclude, as examples, that any coding errors were unintentional or that the Defendant's interactions with the undercover did not prove a crime beyond a reasonable doubt.  That said, and as previously stated by the Court, it was also not unreasonable for the jury to conclude, beyond a reasonable doubt, that the Defendant had engaged in criminal conduct based on the coding, his interactions with the undercover, and the other evidence presented at trial.  Further, as to the alleged jury misconduct, an issue which was not raised until after the verdict was returned, the Court cannot find, even assuming the factual accuracy of the reported observations, that there was any cognizable misconduct.  [ECF Nos. 138, 148].  First Circuit precedent makes clear that it is not enough for an appellate ground to be "fairly debatable" or provide a "possibility of reversal."  Bayko, 774 F.2d at 516.  Because Defendant's request does not satisfy the statutory requirements for release pending appeal, Defendant Oladipo must report to his designated institution as ordered by the Court.  The motion, [ECF No. 201], is **DENIED**.

      **SO ORDERED.**

January 17, 2024                                                                           */s/ Allison D. Burroughs*
                                                                                          ALLISON D. BURROUGHS
                                                                                          U.S. DISTRICT JUDGE